NUMBER 13-10-548-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI -
EDINBURG 


                                                                                                                     


 

JERRY PAUL KELLY

AKA KENNETH KELLY,                                                                        
    Appellant,

 

v.

 

THE STATE OF TEXAS,                         
                            Appellee.

                                                                                                                     
  

 

On appeal from the
Criminal District Court 

of Jefferson County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza

Memorandum Opinion by
Justice Rodriguez

                                                                                                                                    

Appellant Jerry Paul Kelly a/k/a Kenneth
Kelly appeals from his conviction for the state-jail felony offense of evading
detention with a motor vehicle.  See Act of May 25, 2001, 77th Leg.,
R.S., ch. 1334 & 1480, 2001 Tex.
Gen. Laws 3291, 3292, 2001 Tex.
Gen. Laws 5265, 5265 (codified at Tex.
Penal Code Ann. § 38.04(a), (b)(1)) (amended 2009) (current version at Tex. Penal Code Ann. § 38.04(a),
(b)(1)(B) (West Supp. 2010)).[1] 
Kelly pleaded guilty to the offense, was assessed a $500 fine, and was
sentenced to two years' confinement, which was suspended and probated for a
term of five years.  Approximately two years later, the State moved to revoke
Kelly's probation; Kelly pleaded true to the three violations alleged by the
State in its motion.  The trial court then revoked Kelly's probation and
sentenced him to fifteen months' confinement in the State Jail Division of the
Texas Department of Criminal Justice.

            Concluding that any appeal by Kelly in this
case would be "without merit and [] frivolous," counsel filed an Anders
brief in which she reviewed the merits, or lack thereof, of the appeal.  We
affirm as modified.[2]

I.  Compliance with Anders v. California

            Pursuant to Anders v. California, 386
U.S. 738, 744 (1967), Kelly's court-appointed appellate counsel has filed a
brief with this Court, in which she states that having "diligently
review[ed] the record in this case and research[ed] the law," "[n]o
reversible error has been found in this case."  After discussing Kelly's
plea agreement, the punishment assessed in accordance with the agreement, the
subsequent revocation proceedings, and the law applicable to the foregoing,
counsel concludes that "there are no grounds upon which an appeal can be
predicated."  See In re Schulman, 252 S.W.3d 403, 407 n.9
(Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an Anders
brief need not specifically advance 'arguable' points of error if counsel finds
none, but it must provide record references to the facts and procedural history
and set out pertinent legal authorities.") (citing Hawkins v. State,
112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); Stafford
v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

            In compliance with High v. State, 573
S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Kelly's counsel has, thus,
carefully discussed why, under controlling authority, there are no errors in
the trial court's judgment.  Counsel has informed this Court that she has:  (1)
examined the record and found no arguable grounds to advance on appeal, (2)
served a copy of the brief and counsel’s motion to withdraw on Kelly, and (3)
informed Kelly of his right to review the record and to file a pro se response
within thirty days.[3] 
See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see
also In re Schulman, 252 S.W.3d at 409 n.23.  More than an adequate period
of time has passed, and Kelly has not filed a pro se response.  See In re
Schulman, 252 S.W.3d at 409.

II.  Independent Review

            Upon receiving an Anders brief, this
Court must conduct a full examination of all the proceedings to determine
whether the case is wholly frivolous.  Penson v. Ohio, 488 U.S. 75, 80
(1988).  We have reviewed the entire record and counsel's brief, and we have
found nothing that would arguably support an appeal.  See Bledsoe v. State,
178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders
briefs, by indicating in the opinion that it considered the issues raised in
the briefs and reviewed the record for reversible error but found none, the
court of appeals met the requirement of Texas Rule of Appellate Procedure
47.1."); Stafford, 813 S.W.2d at 509.  The only error in the record
is what appears to be a typographical error in both the trial court's 2008
judgment of conviction and 2010 judgment revoking community supervision.  The
judgments list the statute for the offense as subsection "38.04(a)(1) [of
the] Penal Code"—no such subsection existed in the version of the code
applicable at the time of Kelly's offense.[4]
 At the time of Kelly's offense, the subsections of the penal code establishing
the state-jail felony offense for evading arrest or detention through the use
of a vehicle were sections 38.04(a) and (b)(1).  See Act of May 25,
2001, 77th Leg., R.S., ch. 1334 & 1480, 2001 Tex. Gen. Laws 3291, 3292, 2001 Tex. Gen. Laws 5265, 5265 (codified at Tex. Penal Code Ann. § 38.04(a),
(b)(1)).  Accordingly, because we have the necessary data and evidence for
reformation, we modify the trial court's judgments to reflect the correct
subsections of the penal code—section 38.04(a) and (b)(1).  See id.; see
also Tex. R. App. P. 43.2(b);
Bigley v. State, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993).  We affirm
the judgment of the trial court as modified.

III.  Motion to Withdraw

            In accordance with Anders, Kelly's
attorney has asked this Court for permission to withdraw as counsel for Kelly. 
See Anders, 386 U.S. at 744; see also In re Schulman, 252 S.W.3d
at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex.
App.—Dallas 1995, no pet.) (noting that "[i]f an attorney believes the
appeal is frivolous, he must withdraw from representing the appellant.  To
withdraw from representation, the appointed attorney must file a motion to
withdraw accompanied by a brief showing the appellate court that the appeal is
frivolous.") (citations omitted)).  We grant counsel's motion to withdraw
that was carried with the case on December 16, 2010.  Within five days of the
date of this Court’s opinion, counsel is ordered to send a copy of the opinion
and judgment to Kelly and to advise Kelly of his right to file a petition for
discretionary review.[5] 
See Tex. R. App. P. 48.4; see
also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens,
206 S.W.3d.

 

 

 

                                                                                                             NELDA
V. RODRIGUEZ

                                                                                                             Justice

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

Delivered and filed
the  

7th day of July, 2011.

                                                                                                                                                            









[1]
The date of Kelly's offense was September 19, 2007.  At that time, a prior
version of Texas Penal Code section 38.04 was in effect.





[2]
This case is before the Court on transfer from the Ninth Court of Appeals in
Beaumont pursuant to an order issued by the Supreme Court of Texas.  See
Tex. Gov't Code Ann. § 73.001 (West
2005).





[3]
The Texas Court of Criminal Appeals has held that "the pro se response
need not comply with the rules of appellate procedure in order to be
considered.  Rather, the response should identify for the court those issues
which the indigent appellant believes the court should consider in deciding
whether the case presents any meritorious issues."  In re Schulman,
252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting Wilson
v. State, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).





[4]
Neither does subsection "38.04(a)(1)" exist in the current version of
the code.  See generally Tex.
Penal Code Ann. § 38.04 (West Supp. 2010).





[5]
No substitute counsel will be appointed.  Should Kelly wish to seek further
review of this case by the Texas Court of Criminal Appeals, he must either
retain an attorney to file a petition for discretionary review or file a pro se
petition for discretionary review.  Any petition for discretionary review must
be filed within thirty days from the date of either this opinion or the last
timely motion for rehearing that was overruled by this Court.  See Tex. R. App. P. 68.2.  Any petition for
discretionary review must be filed with this Court, after which it will be
forwarded to the Texas Court of Criminal Appeals.  See Tex. R. App. P. 68.3; 68.7.  Any
petition for discretionary review should comply with the requirements of Rule
68.4 of the Texas Rules of Appellate Procedure.  See Tex. R. App. P. 68.4.